UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOUSTON L. HAMILTON                                                                    PLAINTIFF

V.                                    No. 3:21-CV-00225-DPM-JTR

MATT HALL, Correctional Officer,
Poinsette County Detentions Center                                                    DEFENDANT

## ORDER

Plaintiff Houston L. Hamilton ("Hamilton"), a pretrial detainee in the Poinsett County Detention Center ("PCDC"), filed a *pro se* § 1983 Complaint (*Doc. 2*) alleging that Defendant Matt Hall ("Hall") violated Hamilton's constitutional rights. Before Hamilton may proceed with this action, the Court must screen his claims.[1]

On September 27, 2021, Hamilton alleges he was seated in a chair in the PCDC talking on the telephone. *Doc. 2 at 4*; *Doc. 7 at 1*. His legs and hands were cuffed. *Id*. According to Hamilton, Hall somehow managed to "put a third set" of

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

cuffs "on the cuffs around [his] feet, chaining [him] to the seat," without Hamilton being aware his leg cuffs were now attached to the chair. *Doc. 7 at 1*.[2]

When his phone call ended, Hall ordered Hamilton back to his cell. *Id.* As Hamilton stood and started walking, he was tripped by the third set of cuffs attaching his leg cuffs to the chair. This caused him to "[fall] very hard" on the concrete floor, which resulted in injuries to his knee, elbow, and lower back. *Doc. 2 at 4*; *Doc. 7 at 3*. Hamilton alleges "Hall['s] *neglect* cause[d] [him] to fall" because he "forgot" to remove the third set of cuffs before ordering Hamilton to return to his cell. *Doc. 7 at 3* (emphasis added).[3]

To plead a plausible deliberate indifference claim against Hall, Hamilton must allege facts suggesting that: (1) Hall knew his using the third pair of handcuffs to attach Hamilton's leg restraints to the chair "pos[ed] a substantial risk of serious

---

[2] "Pretrial detainee § 1983 claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment prohibition of cruel and unusual punishment." *Holden*, 663 F.3d at 341. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *See Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

[3] On November 29, 2021, I issuing a Recommended Disposition suggesting that Hamilton's deliberate indifference claim against Hall be dismissed, without prejudice, because, at most, it alleged that Hall's conduct was negligent. *Doc. 6*.

On December 15, 2021, Hamilton filed an objection to my Recommended Disposition, elaborating on how the third set of cuffs were applied and how it caused his fall. *Doc. 7*. Based on these additional facts, Chief United States District Judge D.P. Marshall, Jr. returned the case to me for further screening. *Doc. 8*. After carefully considering these additional facts, which the Court must accept as being true, I conclude that Hamilton has asserted a thin but plausible deliberate indifference claim against Hall for the injuries he sustained as a result of a fall Hall knew would take place when he ordered Hamilton to return to his cell.

harm" to Hamilton if they were *not* removed *before* Hamilton attempted to walk back to his cell; (2) when Hall moved *behind* Hamilton and attached the third pair of cuffs, Hamilton could not see, hear, or feel Hall attach these cuffs (crucial *new facts* Hamilton now alleges for the first time in his objections to my initial Recommended Disposition); and (3) in ordering Hamilton to return to his cell, without removing the third pair of cuffs or warning him that they were now attached to his leg restraints and the chair, Hall acted with "deliberately indifference" to Hamilton's safety.[4] *Holden*, 663 F.3d at 341 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Taking all of Hamilton's newly alleged facts and viewing them in a light most favorable to him, he has stated a plausible constitutional claim against Hall for being deliberately indifferent to a serious risk of harm to Hamilton, which Hall created. Accordingly, Hamilton can proceed with this § 1983 claim against Hall.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to prepare a summons for Hall, and the United States Marshal is directed to serve the summons, Complaint (*Doc. 2*), Hamilton's Objection (*Doc. 7*), and this Order, on Hall at the Poinsett County Detention Center, without prepayment of fees and costs or security therefor. Hamilton's Complaint

---

[4] Accepting all of Hamilton's newly alleged facts to be true, they establish a reasonable basis to believe that Hall knew, when Hamilton complied with his order to return to his cell, he would trip over the chair, as he tried to walk, causing him to fall on the concrete floor.

(*Doc. 2*) *and* the new factual allegations contained in his Objection (*Doc. 7*) constitute his claim that Hall willfully and deliberately engaged in conduct knowing that it was likely to pose a serious risk of injury to Hamilton.

    2.    If Hall is no longer an employee of the Poinsett County Detention Center employee, the individual responding to service must file a **sealed** statement providing Hall's last known private mailing address.

    DATED this 25th day of January, 2022.

                                                         /s/ J. Thomas Ray
                                          UNITED STATES MAGISTRATE JUDGE