UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOUSTON L. HAMILTON                                                                           PLAINTIFF

V.                                     No. 3:21-CV-00225-JTR

MATT HALL, Correctional Officer,
Poinsette County Detentions Center                                                         DEFENDANT

### ORDER

Plaintiff Houston L. Hamilton ("Hamilton") has filed a Motion for Appointment of Counsel and Motion for Status. *Docs. 39 & 40*. Defendant Matt Hall ("Hall") has filed a Motion for Extension. *Doc. 42*. The Court will address each Motion separately.

**1. Hamilton's Motion for Appointment of Counsel**

In an earlier Order, the Court informed Hamilton that, because this is a civil case, he does not have a right to appointed counsel. *See Doc. 4 at 2*; *see also Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (a *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). A court, however, has the discretion, in appropriate cases, to appoint counsel if "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must

...

weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

Here, Hamilton's allegations are not legally or factually complex.[1] Furthermore, based on the record, he is capable of presenting his claims without the benefit of appointed counsel. *Docs. 3, 9, 12, 21, 30, 39, & 40*.

Thus, after carefully weighing the pertinent factors, the Court concludes that Hamilton is not entitled to appointment of counsel at this time. Accordingly, his Motion for Appointment of Counsel (*Doc. 39*) is DENIED.

## 2. Hamilton's Motion for Status

Hamilton Motion for Status (*Doc. 40*) is GRANTED IN PART and DENIED IN PART. The Motion (*Doc. 40*) is GRANTED, to the extent that the Clerk is directed to send Hamilton a copy of the docket sheet. Otherwise, the Motion (*Doc. 40*) is DENIED.[2]

---

[1] Hamilton asserts a deliberate indifference claim against Hall for allegedly chaining Hamilton's feet to a chair, without Hamilton's knowledge, while Hamilton was on the telephone. *Doc. 2 at 4*; *Doc. 7 at 1*. When Hall ordered Hamilton back to his cell, without warning him about having chained his feet to the chair, Hamilton was tripped by the restraints, causing him to fall and suffer injuries. *Doc. 2 at 4*; *Doc. 7 at 3*.

[2] Hamilton's Motion for Status also requests that the Court provide him with certain documents, including copies of his medical reports and scripts. The Court does not have these documents. Although discovery is currently stayed (*Doc. 35*), if Hamilton is determined to have properly exhausted his claim against Hall, the stay on discovery will be lifted, and Hamilton can submit written discovery requests *to Hall's attorney*, which may include Requests for Production

### 3. Hall's Motion for Extension

Finally, Hall has filed a Motion requesting that the deadline for filing a motion on the issue of exhaustion be extended. *Doc. 38*. Given that Hall's attorney, Michael Mosley, was only recently substituted as counsel for Hall (*Doc. 37*), there is good cause for seeking the extension of time. Accordingly, Hall's Motion for Extension (*Doc. 8*) is GRANTED. The deadline for filing a Motion for Summary Judgment on the issue of exhaustion is extended until December 23, 2022.

IT IS SO ORDERED this 9th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

of Documents, Interrogatories, and Requests for Admission. *See* Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.