# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**HOUSTON L. HAMILTON**  **PLAINTIFF**
**ADC #179541**

V.  NO. 3:21-cv-00225-BD

**MATT HALL**  **DEFENDANT**

## ORDER OF DISMISSAL

### I.  Background:

Houston L. Hamilton, an Arkansas Division of Correction inmate formerly detained at the Poinsett County Detention Center ("Detention Center"), filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983.[1] (Doc. No. 2) Mr. Hamilton alleges that, on the date of the incident giving rise to his complaint, Correctional Officer Matt Hall failed to tell him that he had added a restraint that tethered him to a bench, a failure that caused Mr. Hamilton to fall onto a concrete floor and injure his knee. He sues Defendant Hall in both his individual and official capacities.

Defendant Hall moved for summary judgment, arguing that Mr. Hamilton's claims fail as a matter of law (Doc. No. 59) Mr. Hamilton responded to Defendant Hall's motion by filing his own motion for summary judgment; a response to Defendant Hall's motion for summary judgment; and a response to Defendant Hall's statement of undisputed facts. (Doc. Nos. 64, 65, 66) Defendant Hall replied to Mr. Hamilton's response, and the cross

---

[1] Both parties consented to magistrate jurisdiction. (Doc. No. 42)

motions are ready for decision. (Doc. No. 67) For the following reasons, Defendant Hall is entitled to judgment as a matter of law.

## II.     Discussion:

### A.     Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because the Court is granting Defendant Hall's motion for summary judgment, the Court will construe any disputed facts in a light favorable to Mr. Hamilton.

### B.     Mr. Hamilton's Version of Events

During his deposition, Mr. Hamilton testified that, on the date of the incident, he was on suicide watch at the Detention Center. (Doc. No. 61-1 at 29) At around 2:30 or 3:00 a.m., someone from a mental health facility called to speak with him. *Id*. Defendant Hall came to Mr. Hamilton's cell to tell him that he had a call and to walk him to the telephone.

Defendant Hall opened Mr. Hamilton's cell door and placed restraints on Mr. Hamilton's hands and ankles. *Id. at 33, 37*. Mr. Hamilton walked approximately forty feet from his cell to the pay telephone. *Id. at 36, 38*. He then sat down with his back against the wall in a metal chair that was bolted to the floor. *Id. at 39-40*. At some time during the phone conversation, Defendant Hall placed the single cuff that was attached to the bottom of the metal chair to the chain between Mr. Hamilton's ankles. *Id. at 41-43*. Mr. Hamilton testified that, although he saw Defendant Hall approach him on the right

side, he did not feel him attach the additional cuff to the chair he was sitting in. *Id. at 44-47*.

According to Mr. Hamilton, when the phone call ended, Defendant Hall ordered him to return to his cell but did not warn him about the additional cuff tethering him to the chair. *Id. at 48*. Mr. Hamilton testified that, when he walked "[t]o the end of that chain, . . . [he] hit hard." *Id. at 49*. After Mr. Hamilton fell, Defendant Hall allegedly "flinch[ed]" and asked if he needed a medical request form. *Id. at 50*. Mr. Hamilton testified that Defendant Hall "probably did forget" to remove the additional leg chain that caused him to fall. *Id. at 51*. As a result of the fall, Mr. Hamilton testified that he suffered pain and swelling in his right knee.[2] *Id. at 25, 64*.

C.   Defendant Hall's Version of Events

According to Defendant Hall's affidavit, after he handed Mr. Hamilton the telephone, he told him that he was shackling him to the stool and that he should stay seated. (Doc. No. 61-2 at 1) Defendant Hall testified that, before he had time to remove the shackle once the call ended, Mr. Hamilton attempted to walk back to his cell and fell. *Id*. Defendant Hall said that he assisted Mr. Hamilton up from the floor after the fall; removed the additional shackle; and escorted Mr. Hamilton back to his cell. *Id*. But again, for purpose of this order, the Court will assume that Mr. Hamilton's recitation of the facts is correct where the two accounts differ.

---

[2] Before Mr. Hamilton was incarcerated, he had his right knee surgically replaced, and also, he had received injections for back pain. (Doc. No. 61-1 at 9, 13)

3

D.      Individual Capacity Claim

Because Mr. Hamilton was a pre-trial detainee at the time of the incident, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment.[3] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir. 2020). Under that standard, the state can lawfully detain a defendant before trial and subject him to jail restrictions and conditions, "so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Stearns*, 957 F.3d at 907 (quoting *Bell*, 441 U.S. at 536–37). Where a plaintiff does not demonstrate that there was an express intent to punish him, he must show that "the conditions of confinement were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id*. (quoting *Bell*, 441 U.S. at 538-39). Of course, if conditions of confinement are arbitrary or excessive, the Court could "infer that the purpose of the governmental action is punishment" and were not, therefore, constitutionally permissible. *Id*. (quoting *Bell*, 441 U.S. at 539).

"There is . . . a *de minimis* level of imposition with which the Constitution is not concerned." *Id. at 909* (quoting *Bell*, 441 U.S. at 539 n.21). "Liability for negligently

---

[3] In his original complaint, Mr. Hamilton stated that he was a pre-trial detainee. (Doc. No. 2 at 3) In addition, in his deposition, Mr. Hamilton explained that the offense that he was criminally charged for occurred in either September or November 2021. (Doc. No. 61-1 at 7-8) The incident giving rise to this lawsuit occurred on September 27, 2021. Finally, in his response to Defendant Hall's statement of undisputed facts, Mr. Hamilton states that he was a pre-trial detainee on the date of the incident. (Doc. No. 66 at 11)

4

inflicted harm is categorically beneath the threshold of constitutional due process." *Id*. at 908 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)).

Assuming Mr. Hamilton's version of events, as the Court must do at this stage of litigation, Defendant Hall acted negligently, at worst, in failing to remove the restraints before Mr. Hamilton starting walking back to his cell or perhaps in failing to caution him about the extra restraint. According to Mr. Hamilton's own testimony, Defendant Hall probably "forgot" to remove the extra restraint.

In his response to Defendant Hall's motion for summary judgment, Mr. Hamilton states that "Plaintiff will show that Defendant['s] action was negligent on the morning on Sept. 27, 2021," and that "Defendant was negligent in his job duty." (Doc. No. 64 at 1, 3) Even if this is true, any injury Mr. Hamilton suffered as a result of Defendant Hall's negligence is not a claim that rises to the level of a constitutional violation. Accordingly, Defendant Hall is entitled to judgment as a matter of law on Mr. Hamilton's claims against him in his individual capacity.[4]

E. Official Capacity Claim

Mr. Hamilton's claim against Defendant Hall in his official capacity is treated as a claim against Poinsett County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010);

---

[4] In his response to Defendant Hall's statement of undisputed facts, Mr. Hamilton states that Defendant Hall failed to follow jail policy when he removed Mr. Hamilton from his cell and failed to file an incident report following the incident. (Doc. No. 66 at 1, 3) However, any such failure falls short of stating a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (internal citation omitted) (failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim).

*Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In a case brought under § 1983, a county can be held liable for its employee's conduct only if an official county policy or widespread custom was the "moving force" behind the conduct. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Hamilton fails to present any evidence, or even allege, that he suffered a constitutional injury as the result of any Poinsett County custom or policy. Thus, he has failed to state a plausible constitutional claim for relief against Defendant Hall in his official capacity.

### III. Conclusion:

Defendant Hall's motion for summary judgment (Doc. No. 59) is GRANTED. Mr. Hamilton's claims are DISMISSED, with prejudice, and the pending motions (Doc. Nos. 64, 68) are DENIED, as moot.

IT IS SO ORDERED this 27th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE